Howard agt. The Franklin Marine and Fire Insurance Co.

## SUPREME COURT.

HOWARD agt. THE FRANKLIN MARINE AND FIRE INSURANCE Co.

The "Act to provide for the Incorporation of Insurance Companies," passed April 10, 1849, has this provision in it, to wit: "Suits at law may be prosecuted and maintained by any member or stockholder against such corporation for losses which may have accrued, if payment is withheld more than two months, in all risks after such losses shall have become due." (§ 16.) The act authorizes the organization of insurance companies either upon the joint stock, or mutual plan.

Where, therefore, an individual pays a *cash premium* on effecting an insurance in such company, he does not become a *member* or *stockholder* of the company, consequently, § 16 has no application to him.

Where such company insert in their policy a condition that "payment of losses shall be made in 60 days after the loss shall have been ascertained and proved, without any deduction whatever," it is a waiver of section 16, and the limit therein contained as to members or stockholders.

*Albany Special Term, Nov.*, 1853. The defendants were sued on a policy of insurance issued by them to one *John R. Ellis*, of whom the plaintiff is the assignee. The answer of the defendants contained a general denial of the material alle-

46          NEW-YORK PRACTICE REPORTS.

Howard agt. The Franklin Marine and Fire Insurance Co.

gations of the complaint, and interposed as a second defence, the premature bringing of the action, in these words : " The said defendants, for a further defence, state that this action hath been prematurely commenced, because they say that the said defendants were incorporated under, and by virtue of an act of the legislature of the state of New-York, entitled, ' An Act to provide for the Incorporation of Insurance Companies,' passed April 10, 1849 : that by the express terms of the policy mentioned in the complaint, the alleged loss did not become due until sixty days after due notice and proof thereof, made to them by the assured : that said sixty days did not elapse (if ever) until the 28th of June, 1853 ; and that this action was commenced on the 29th of July, 1853, which was twenty-nine days before the two months allowed by the 16th section of said act had transpired, before this suit could be legally prosecuted and maintained by the plaintiff against them for said pretended loss."

The plaintiff moves to strike out the matter interposed in the answer as a second defence, on the grounds, 1st. That it is a *sham defence ;* 2d. That it is *irrelevant.*

FANCHER & EAGER, *for Plaintiff.*
MERRILL & McKINDLEY, *for Defendants.*

WRIGHT, Justice. The 16th section of the " Act to provide for the Incorporation of Insurance Companies," passed in 1849, provides that " suits at law may be prosecuted and maintained by any member or stockholder against such corporation for losses which may have accrued, if payment is withheld more than two months, in all risks after such losses shall have become due." The act authorizes the organization of insurance companies either on the joint stock, or mutual plan. The section of the act above quoted is not disabling but remedial in its nature ; intending to give a remedy at law either to the stockholder or member of a corporation which at common law it was doubtful whether he possessed.

The plaintiff's assignor in this case was neither a member nor stockholder of the defendants' company, and the section cited

Howard agt. The Franklin Marine and Fire Insurance Co.

has no application *to him.* The policy, or contract sued upon, shows that the insured party *paid 'a cash premium;* that he gave no premium note; and that the insurance was not in any wise upon the mutual plan, whereby Ellis would have become a member of the corporation. The contract between the parties abundantly evinces that he had no interest in the company whatever, which, at common law, would disable him from suing the corporation. He was a mere dealer, or contractor with the company, and in no sense a member or stockholder.

But if it were granted that section 16 applied to this case, still that section and the limit contained in it were expressly waived by the defendants when they made the contract of insurance with Ellis. One of the conditions annexed to the policy is as follows: " Payment of losses shall be made in 60 days after the loss shall have been ascertained and proved, without any deduction whatever." By the express terms of the contract, the defendants agreed to make payment in 60 days after proof of the loss; and it does not now lie with the defendants to say that payment was to be made at another time; or that they can withhold payment for the additional two months, mentioned in section 16. The condition above cited, annexed to the policy on which the action is brought, is expressive of the intent of the parties as to the time when the legal liability of the company to pay arose.

The matter of the answer proposed to be stricken out, palpably constitutes no defence. It is a sham pleading; but, if not, the matter is irrelevant, and should be stricken out. (*Code,* § 152, 160.)

Let an order be entered granting the motion, with $10 costs.